IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

CITY OF NEODESHA, KANSAS,
individually and as representative of
those persons and entities similarly situated,

                Plaintiff,

Vs.                                          No. 04-4150-SAC

BP CORPORATION NORTH
AMERICA INC., BP AMERICA INC.,
BP PRODUCTS NORTH AMERICA INC.,
BP AMERICA PRODUCTION COMPANY,
ATLANTIC RICHFIELD COMPANY
D/B/A GROUP ENVIRONMENTAL
MANAGEMENT COMPANY, and
NORM BENNETT.

                Defendants.

MEMORANDUM AND ORDER

This case comes before the court on defendants' motion to remand. Plaintiff City of Neodesha, Kansas[1] filed this action in state court against corporate defendants BP Corporation North America Inc., BP America Inc., BP Products

---

[1] Plaintiff brings its claims "individually and as representative of those persons and entities similarly situated," but no motion for class certification has yet been filed.

North America Inc., BP America Production Company, Atlantic Richfield Company d/b/a Group Environmental Management Company, and one individual, Norm Bennett.  Plaintiff's petition, which seeks one billion dollars in damages, alleges various state claims arising from a dispute over the responsibility for contamination in the soils and groundwater beneath the city.  No federal claims are asserted, and the EPA is not involved in the matter.

Defendants removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Defendants acknowledge that the individual defendant, Norm Bennett, is a Kansas resident and citizen and that therefore the parties are not completely diverse, as the statutes require.   Defendants contend, however, that Mr. Bennett was fraudulently joined for the purpose of defeating diversity jurisdiction so the court must disregard his presence for purposes of subject matter jurisdiction.  *See generally Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (the right of removal cannot be defeated by "a fraudulent joinder of a resident defendant having no real connection with the controversy.")

**General removal standard**

A civil action is removable only if a plaintiff could have originally brought the action in federal court.  28 U.S.C. § 1441(a).  Remand is required "if at

any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

> Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3rd Cir. 1990), *cert. denied*, 111 S. Ct. 959 (1991). When removal is challenged, the burden rests with the removing party to prove jurisdiction exists. *Kansas Baptist Convention v. Mesa Operating Ltd.*, 703 F.Supp. 73 (D. Kan. 1989). Diversity jurisdiction depends upon all parties to one side of the case having a different citizenship from all parties to the opposing side. *Id.*

*Muller v. TSC Industries, Inc*., 1992 WL 331286, *1 (D.Kan. Oct. 2, 1992).

The removing defendant's burden of proving fraudulent joinder is not unlike the burden of proving any claim of fraud. *McLeod v. Cities Service Gas Company*, 233 F.2d 242, 246 (10th Cir.1956). "[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc*., 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted).

**Fraudulent Joinder Standard**

The Tenth Circuit has not clearly set forth in its published opinions the

evidentiary standard applicable to fraudulent joinder claims.[2]  The parties take full advantage of this lack of definitive law in urging the court to adopt differing standards.  Defendant contends, in reliance upon several cases from this district,[3] that fraudulent joinder exists when the plaintiff has "no real intention in good faith to prosecute the action against the defendant or seek a joint judgment," regardless of the legal and factual viability of the claim.  *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985).  Plaintiff contends, in reliance upon an unpublished Tenth Circuit opinion and recent cases from this district,[4] that fraudulent joinder is found only when there is no reasonable basis in fact or

---

[2]*Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 (10th Cir. 1983) contains some dicta on the issue.  *Dodd v. Fawcett Publications, Inc.* 329 F.2d 82, 85 (10th Cir. 1964) held fraudulent joinder is appropriate where no cause of action is stated against the resident defendant or no cause of action exists against him, but did not address whether those are the exclusive means to prove fraudulent joinder.

[3]Defendants cite *Fiene v. Standard Ins. Co.*, 2001 WL 1224144, *2 (D. Kan. Oct. 9, 2001); *Muller v. TSC Indus., Inc.*, 1992 WL 331286, *3 (D. Kan. Oct. 2, 1992); and *Kimbrell v. Hall-Kimbrell Envtl. Servs., Inc.*, 1990 WL 192749, *1 (D. Kan. Nov. 20, 1990).

[4]Plaintiffs cite *Barger v. Bristol-Myers Squibb Co.*, 1994 WL 69508 (D. Kan. Feb. 25, 1994); *Muller v. TSC Indus., Inc.*, 1992 WL 331286, *3 (D. Kan. Oct. 2, 1992); *Crow v. State Industries*, 2003 WL 1053945 (D. Kan. Feb. 27, 2003); *McPhail v. Wal-Mart Stores, Inc.*, 2003 WL 1750886 (D. Kan. Mar. 27, 2003); *Loeffelbein v. Milberg Weiss, Bershad Hynes & Lerach, LLP,*, 2003 WL 21313957 (D. Kan. May 23, 2003); and *Cooper v. Zimmer Holdings, Inc.*, 320 F. Supp. 2d 1154 (D. Kan. 2004).

colorable ground supporting the claim against the joined defendant. *See Montano v. Allstate Indemnity,* 211 F.3d 1278, 2000 WL 525592, *2 (10th Cir. 2000). The battle is thus framed between a subjective standard and an objective one.

This court has reviewed the varying standards for fraudulent joinder in stating:

> Fraudulent joinder occurs when no cause of action is pleaded against the non-diverse or resident defendant, *Roe v. General American Life Ins. Co.*, 712 F.2d 450, 452 n. * (10th Cir. 1983); when the cause of action pleaded against the resident defendant is defective as a matter of law, *Boyer*, 913 F.2d at 111-12; when the pleaded cause of action does not exist in fact against the resident defendant, *Roe*, 712 F.2d at 452 n. *; when there is "no real intention in good faith to prosecute the action against the defendant or seek a joint judgment," *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3rd Cir. 1985), *cert. dismissed*, 484 U.S. 1021 (1988); or when "there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (footnote omitted). On the other hand, if there is a possibility that a state court would recognize the cause of action actually pleaded against the resident defendant, then joinder is proper and remand is required. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983); *Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1404 (D. Colo. 1989).

*Muller,* 1992 WL 331286, *3.

Thereafter, the Tenth Circuit addressed fraudulent joinder claims in its unpublished *Montano* opinion, stating:

> The case law places a heavy burden on the party asserting fraudulent joinder. A representative example states:
> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to

> establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned. *Hart*, 199 F.3d at 246 (quotation omitted); *see Pampillonia v.. RJR Nabisco, Inc*., 138 F.3d 459, 461 n. 3 (2d Cir.1998) (citing cases); *cf. Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F .2d 879, 882 (10th Cir. 1967) (finding fraudulent joinder where non-liability of joined party was "established with complete certainty upon undisputed evidence."). This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir. 1992) ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."). Finally, as the reference to "a cause of action" in the quoted passage reflects, remand is required if any one of the claims against the non-diverse defendant ... is possibly viable. *See Green v. Amerada Hess Corp*., 707 F.2d 201, 207 (5th Cir. 1983) ("Even if [plaintiff] were [precluded] from pursuing all his claims save one in state court, a remand would be necessary.").

*Montano,* 211 F.3d 1278 (reversing and remanding to the district court with directions to remand, in turn, to state court).

Although *Montano* is unpublished, the case has persuasive value with respect to this issue which is not resolved in the Tenth Circuit's published opinions, and its rationale assists this court in deciding the instant pending motion. Accordingly, the court shall rely upon *Montano*. *See* 10th Cir. R. 36.3(B)(1)-(2) (explaining that unpublished decisions may be cited if they have persuasive value

with respect to a material issue not addressed in a published opinion and it would assist the court in its disposition).

### Objective test

The court's task is thus to determine whether plaintiff has any possibility of recovery against Mr. Bennett, viewing any disputed questions of fact and all ambiguities in the controlling law in favor of the plaintiff, as the non-removing party. "Fraudulent joinder is a term of art, which does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *Barger*, 1994 WL 69508, at *3. "To defeat plaintiffs' motion to remand it is incumbent upon defendants to show that there is no possibility that plaintiffs would be able to establish a cause of action against [the defendant] in state court." *Cooper*, 320 F. Supp. 2d at 1157. To make this determination, the court looks to the facts pled in the petition and the law of the state of Kansas.

The petition alleges that Mr. Bennett is a Kansas resident, who at all times was acting within the course and scope of his agency and/or employment with defendants. Plaintiff's petition states that the sole claim applicable to Mr. Bennett is Count VI, fraudulent concealment/fraud by silence. Dk. 1, Exh. 1, p. 8, para. 26. Count VI generally states, among other details, that defendants knew the

7

true nature and extent of the release, migration, and/or threatened migration of petroleum and/or petroleum products, that defendants had a duty to communicate those material facts to plaintiff but intentionally failed to do so, that plaintiffs detrimentally relied upon defendants to communicate material facts, and were damaged by defendants' failings.

> Regarding Mr. Bennett, the petition alleges:
> From approximately 2002 through 2004, defendant Norm Bennett met on numerous occasions with officials, elected officials, government leaders, business leaders, citizens, and other members of the City of Neodesha, Kansas community and surrounding communities. To that end, defendant Norm Bennett would discuss issues regarding the former oil refinery. However, as previously mentioned, defendant Norm Bennett concealed and failed to disclose the true nature of the release, migration, and/or threatened migration of petroleum and/or petroleum products.

Dk. 1, Exh. 1, p. 19, para. 69.

Defendants do not dispute the facts relevant to the court's determination of fraudulent joinder. They do not deny that Mr. Bennett had some involvement in the events giving gave rise to this case, or that he was involved in BP Amoco's public relations campaigns and was responsible for certain communications about a clean-up program, which are alleged to have been misrepresentations. In fact, defendants affirmatively represent that in October of 2002, Mr.Bennett agreed to work part-time for an independent contractor to one of the corporate defendants, and that his responsibility in that role was primarily to

interface with city officials, business leaders, and community members in Neodesha on issues relating to the cleanup of the residual petroleum products. Dk. 8. p. 3.

Defendants do not dispute that a claim of fraud by silence against an agent of a corporation is cognizable at law in Kansas, do not claim that plaintiff has failed to allege the elements of such a claim as to Mr. Bennett, *see* PIK Civ.3d § 127.41 (2003), and do not contend that the law is ambiguous.

Viewing the facts in the light most favorable to plaintiff, the court finds that plaintiff has made a colorable claim of fraud by silence/fraudulent concealment against Mr. Bennett. *Compare Pioneer Exploration, Ltd. v. Kansas Gas Service Co.*, 2004 WL 2931403, *4 (D. Kan. 2004) (finding that the non-diverse defendant had nothing to do with the contracts at issue and that plaintiffs had no reasonable basis in fact to assert a claim against that particular corporation).

**Subjective test**

Had the court applied a subjective test, the result would have been no different. In contending that Mr. Bennett was fraudulently joined, defendants focus upon indicia of the intent of plaintiff's counsel. Chief among these is a statement plaintiff's counsel made at a state court hearing on October 12, 2004. There, defendant Bennett had moved to disqualify plaintiff's firm as counsel for plaintiff, because the firm had previously represented him. In response to that motion to

disqualify, Mr. Dennis Depew alleged that his firm had no information from its former representation of Mr. Bennett that could be used to Mr. Bennett's disadvantage in this case. He stated:

> The City suit is against Mr. Bennett in his capacity as a BP employee. There isn't any information that our files have connected with that matter. The defendants in their initial motion indicated that they felt the Depew Law Firm had relevant financial data that could somehow be used against Mr. Bennett. That claim when viewed on its face isn't realistic. *The damages sought in this case are well beyond what any individual could pay. The plaintiff will be looking for British Petroleum for satisfaction of its judgment, not Mr. Bennett.*

Dk. 1, Exh. 2, p. 16-17. (Emphasis added.)

Defendants invite the court to construe the language emphasized above as an admission that plaintiff has no intention to seek a judgment against Mr. Bennett. The court declines to do so. The term "satisfaction of judgment" is distinctively different from and narrower than the term "judgment." Its technical sense refers to a document filed with a court as proof that a judgment or terms of a settlement agreement have been fully paid. The plain language of plaintiff's representation that it "will be looking for British Petroleum for satisfaction of its judgment, not Mr. Bennett," means only that plaintiff will look to BP instead of to Mr. Bennett for full payment of the judgment.[5] This statement cannot reasonably

---

[5]Plaintiff asserts, and defendants do not deny, that the cost of remediation in this case is clearly beyond the ability of any individual to pay. Further, as counsel

be construed to mean that plaintiff has no intention of securing a judgment against Mr. Bennett.  Instead, plaintiff's statement about which defendant it will expect to pay the judgment necessarily presumes some choice in that matter, which would not be possible absent the existence of a judgment against both BP and Mr. Bennett.  The more natural reading of the language is that plaintiff, at the time it made the statement in question, intended to pursue its claims against both Mr. Bennett and BP to judgment and pursue payment or satisfaction of the judgment from BP.

> Defendants next contend that the statement above, when considered in light of plaintiff's other acts and inactions, reveals plaintiff's intent not to proceed to judgment against Mr. Bennett.  These are: 1) plaintiff's failure to review documents relating to Mr. Bennett, although aware of their existence; 2) plaintiff's decision to sue Mr. Bennett in lieu of other, diverse, individuals whose involvement was greater than Mr. Bennett's; and 3) plaintiff's failure to reveal any fact that Mr. Bennett allegedly failed to disclose to plaintiff in the petition, in its response to a motion for more definite statement, or in its response to interrogatories.

> Plaintiff's conduct noted above, coupled with the "satisfaction of

---

are aware, securing a judgment against a defendant who is judgment-proof  may serve purposes other than financial.

11

judgment" statement by plaintiff's counsel, is insufficient to show plaintiff's lack of intent to actually proceed against Mr. Bennett.  Here, as in other cases, personal deductions from plaintiff's litigation strategy are generally insufficient to meet the heavy burden to show fraudulent joinder.  *See Muller, supra* (finding no fraudulent joinder where defendant was not named in the plaintiff's initial suit which was removed to federal court and then voluntarily dismissed, but was named in the suit refiled in state court even though the plaintiff obtained no further discovery or knowledge about defendant's possible liability after the dismissal); *Loeffelbein*, 2003 WL 21313957, at *5 (finding plaintiff's failure to serve discovery upon defendant insufficient to show fraudulent joinder); *Barger*, 1994 WL 69508, at *4 (finding plaintiffs' failure to name resident defendant in original petition and plaintiff's failure to answer interrogatories regarding that defendant insufficient to show intent not to pursue that defendant in the civil action).
Whatever motives the plaintiff could have had for naming Mr. Bennett, the circumstances argued by the defendants fail to show the plaintiff had no reason for joining him other than to prevent removal.

   The court finds that defendants have not met their burden to show either that plaintiff does not intend to pursue a claim against Mr. Bennett or that plaintiff will not be able to state such a claim as a matter of law.  Accordingly, the

court cannot disregard the citizenship of Mr. Bennett for purposes of determining diversity jurisdiction. His non-diverse status compels a remand to state court. The court declines to reach plaintiff's additional arguments that defendants failed to meet the amount in controversy requirement, and/or waived their right to remove.

### Request for fees

The sole issue remaining is whether to grant plaintiff's request for a fee award. Plaintiff has requested an award of its attorneys' fees and costs incurred in responding to the notice of removal and obtaining a remand to state court. 28 U.S.C. § 1447(c) provides the basis for such an award, in stating:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

"The language of § 1447(c) directs that the award of attorney's fees rests squarely within the discretion of the district court when a remand is ordered." *Martin v. Franklin Capital Corp.*, __ F.3d __, 2004 WL 3017257, *2 (10th Cir. 2004).

It is the propriety of the removal, and not the existence of bad faith, which is determinative.

> In deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal. The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c). *Excell*, *Inc.*, 106 F.3d at 322 (internal citations omitted). On the other hand, attorney's fees may be denied where the defendant "had a fair basis for removing the case."

*Daleske*, 17 F.3d at 324.

*Martin*, 2004 WL 3017257 at *2 -3.  *See Excell, Inc. v. Sterling Boiler & Mechanical, Inc*., 106 F.3d 318, 322 (10th Cir. 1997).

The proper standard to be used by this court is whether defendants "had objectively reasonable grounds to believe the removal was legally proper" at the time of removal.  *See  Martin*, *3.  Here, as in *Muller*, "defendants do not even attempt to argue that the causes of action pleaded against the defendant ... are factually or legally deficient.  In other words, the defendants want the court to find that the plaintiff fraudulently joined a non-diverse, but proper, defendant."  *Muller*, 1992 WL 331286, *4 (finding fees warranted because of defendants' conclusory allegations of fraudulent joinder and their lack of any evidence or circumstances showing that the plaintiff lacked the intent to pursue and recover on his viable claim against the non-diverse defendant).  *Compare Hale v. MasterSoft Intern. Pty. Ltd.*, 93 F. Supp. 2d 1108, 1115 (D. Colo. 2000) (denying attorney fees because removal was based on a colorable argument of fraudulent joinder where the limited nature of defendant's business activities introduced some degree of uncertainty regarding his contacts with the state).  Under these circumstances, the court finds that a fee award is appropriate.

**Amount of fees**

This court is "duty-bound to ensure that an award of attorneys' fees pursuant to § 1447(c) is reasonable." *Huffman v. Saul Holdings Ltd. Partnership*, 262 F.3d 1128, 1134 (10th Cir. 2001). The court shall award those actual expenses, including attorney fees incurred as a result of the improvident removal, which plaintiff timely shows to be reasonable.[6]

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Dk. 3) is granted, and that this case is remanded to the District Court of Wilson County Kansas. The Clerk is directed to mail a certified copy of this order to the Clerk of the Wilson County Court.

IT IS FURTHER ORDERED that plaintiff is awarded his attorney's fees and costs incurred in pursuing the remand of this case.

IT IS FURTHER ORDERED that the parties shall confer regarding attorneys' fees, and that in the event court intervention becomes necessary, the amount of fees and costs shall be determined in accordance with the procedures noted herein.

---

[6]The parties shall follow D.Kan. Rule 54.2 in resolving the amount of attorney's fees and costs. If no agreement is reached on this issue, the plaintiff shall submit within thirty days of this order a motion, properly supported by affidavits and records, setting forth the amount of and manner of calculating the attorney's fees and costs and addressing the reasonableness of the same. Defendants shall have ten days after service of plaintiff's motion to file any objections.

Dated this 27th day of January, 2005, Topeka, Kansas.

                                          s/ Sam A. Crow
                                          Sam A. Crow, U.S. District Senior Judge